FILED

**NOT FOR PUBLICATION**

NOV 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE ANDREWS, | No. 14-56688 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-08263-MWF-VBK |
| v. | |
| OSCAR DOMINGUEZ, Individual and a police officer of the Long Beach Police Department, official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Andre Andrews appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging an unlawful seizure in violation of the

Fourth Amendment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment because Andrews failed to raise a genuine dispute of material fact as to whether his encounter with defendant Dominguez rose to the level of a seizure for purposes of the Fourth Amendment. *See United States v. Washington*, 490 F.3d 765, 770 (9th Cir. 2007) (concluding that no seizure occurred when officer parked behind an individual in a parked car without lights or sirens; approached the car on foot; did not draw or touch a weapon; and engaged in brief, cordial, and courteous questioning); *see also Florida v. Bostick*, 501 U.S. 429, 434-35 (1991) (officers can question individuals, ask for identification, and request consent to search luggage even without basis for suspecting a particular individual).

Andrews' argument that the district court did not view the evidence in the light most favorable to him is unpersuasive.

**AFFIRMED.**